ROBERT E. RUE, ESQUIRE
NJ ID#052961993
125 E. Main Street, Suite 1
P.O. Box 1200
Tuckerton, New Jersey 08087
(609) 294-8847
Attorney for Plaintiff, Richard A. Hicks, Jr.

CLERK
U.S. DISTRICT COURT
DISTRICT OF NEW JERSEY
RECEIVED

2016 JUN 14  A 8: 28

| | |
|---|---|
| **RICHARD A. HICKS, JR.** | **UNITED STATES DISTRICT COURT** |
| | **DISTRICT COURT OF NEW JERSEY** |
| Plaintiff | |
| | Trenton |
| | Civil Action No.: |
| **vs.** | **COMPLAINT** |
| **CAMDEN COUNTY; CAMDEN COUNTY POLICE DEPARTMENT; CAMDEN COUNTY POLICE DEPARTMENT, METRODIVISION; CARL TUCKER; JOHN DOES 1-5, Camden County Police Officers; and JOHN DOES 6-10 Personnel and/or Police Officers of the County of Camden Police Department in supervisory capacities,** | |
| Defendants | |

## JURISDICTION

1. This action is brought pursuant to 42 U.S.C. Section 1983 and in accordance with the Fourth and Fourteenth Amendments of the Constitution of the United States of America.  Jurisdiction is conferred under 28 U.S.C. Section 1331 and Section 1343(3). This Court has supplemental jurisdiction over Plaintiff's pendent state law claims pursuant to 28 U.S.C. Section 1367.

**PARTIES**

2. Plaintiff Richard A. Hicks, Jr. residing at 6 Batherwick Drive, Berlin, NJ 08009, is and was, at all relevant times herein, a citizen of the Unites States and a resident of the State of New Jersey.

3. Defendants Carl Tucker and/or John Does 1-5 were all at times mentioned herein duly appointed and acting police officers of Camden County Police Department and at all times herein were acting in such a capacity as the agents, servants and/or employees of Camden County and were acting under the color of law.

4. Defendants John Does 6-10 were at all times mentioned herein duly appointed and acting members of the Camden County Police Department and at all times herein were acting in such capacities as the agents, servants and/or employees of Camden County and were acting under the color of law.

5. Defendants John Does 6-10 were acting in supervisory capacities over Defendants Tucker and/or John Does 1-5 and were responsible by law for the training, supervision and conduct of said Defendants.

6. Defendant County of Camden is a duly designated County of the State of New Jersey, under the laws of the State of New Jersey.

7. At all relevant times hereto the Defendant County of Camden employed the aforementioned Defendants. As such, it was responsible for the training, supervision and conduct of Defendants Tucker and John Does 1-10.

8. Suit is brought against all individually named Defendants in their

respective personal and/or official capacities.

## **FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

1. The previous paragraphs are incorporated herein inclusively as if fully set forth.

2. On June 13, 2014, Defendants Tucker and/or John Does 1-5 of the Camden County Police Department assaulted Plaintiff without justification and with excessive and unreasonable physical force during the course of a stop.

3. Specifically, Plaintiff was on a sidewalk while waiting for a bus when he was approached by Defendants Tucker and/or John Does 1-5 who, without cause, asked Plaintiff for identification.

4. When Plaintiff refused Defendants Tucker and/or John Does 1-5 proceeded to physically restrain, subdue and attack Plaintiff by grabbing Plaintiff's arms, and then smashing Plaintiff's body to the ground.

5. After being forcibly pushed to the ground Plaintiff was hit several more times in the face and head by Defendant Tucker.

6. Thereafter Plaintiff was brought to police headquarters where he was then charged with improper behavior.

7. Upon information and belief this incident was investigated by the Internal Affairs Department of Camden County Police Department and the Camden County Prosecutor.

8. Plaintiff sustained various injuries related to this incident all caused by the excessive and unreasonable physical force utilized by Defendants Tucker

and/or John Does 1-5.

## COUNT ONE
## SECTION 1983 USE OF EXCESSIVE FORCE

1. The previous paragraphs are incorporated herein inclusively as if fully set forth.

2. As a direct and proximate result of the above-referenced unlawful and malicious physical abuse of Plaintiff by Defendants Tucker and/or John Does 1-5 committed under color of state law, Plaintiff sustained bodily harm and was deprived of his right to be secure in his person against unreasonable seizure, in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States, made actionable through 42 U.S.C. Section 1983.

3. As set forth above, Plaintiff Richard A. Hicks, Jr. suffered bodily injuries, medical expenses and additional special damages in an amount which cannot yet be determined.

4. By reason of the above, Plaintiff was injured and was deprived of his constitutional rights as described above.

**WHEREFORE**, Plaintiff Richard A. Hicks, Jr. demands judgment against Defendants Tucker and/or John Does 1-5 on this Count together with compensatory and punitive damages, attorney's fees, interest and costs of suit incurred, and for any such further relief as the court deems proper and just.

## COUNT TWO
## SECTION 1983 SUPERVISORY LIABILITY

1. The previous paragraphs are incorporated herein inclusively as if fully set

forth.

2. Defendants John Does 6-10 were supervisory officials and/or officers in charge at the time Plaintiff Richard A. Hicks, Jr. was arrested and assaulted.

3. Defendants John Does 6-10 had a duty to prevent subordinate officers Tucker and/or John Does 1-5 from violating the constitutional rights of citizens and/or detainees.

4. Defendants John Does 6-10 either directed Defendants Tucker and/or John Does 1-5 to violate Plaintiff's constitutional rights and/or had knowledge of and/or acquiesced in his/their subordinate's violations.

5. Specifically, Defendants John Does 6-10 failed to adequately track departmental excessive force complaints, administrative complaints and/or use of force incidents in violation of Camden County Police Department policies, practices, customs and/or guidelines and/or the New Jersey Attorney General's Use of Force and/or Internal Affairs Guidelines, and/or failed to discipline officers for such violations.

6. As a direct and proximate result of the acts of Defendants John Does 6-10 as set forth herein, Plaintiff suffered physical injury, medical expenses, and additional special damages in an amount which cannot yet be determined in connection with the deprivation of his constitutional rights guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States made actionable through 42 U.S.C. Section 1983.

**WHEREFORE**, Plaintiff Richard A. Hicks, Jr. demands judgment against

Defendants John Does 6-10 on this Count together with compensatory and punitive damages, attorney's fees, interest and costs of suit incurred, and for any such further relief as the court deems proper and just.

## COUNT THREE
## SECTION 1983 UNLAWFUL CUSTOM, PRACTICE, POLICY /INADEQUATE TRAINING

1. The previous paragraphs are incorporated herein inclusively as if fully set forth.

2. Defendants Camden County Police Department and/or John Does 6-10, are vested by state law with the authority to make policy on: (1) the use of force; internal affairs investigations and/or administrative reviews pursuant to Camden Police Department policies, practices and/or customs and/or the New Jersey Attorney General's Use of Force and/or Internal Affairs Guidelines; (2) effectuating arrests; (3) police citizen encounters, and/or (4) disciplining officers. Defendants John Does 6- 10 are responsible for training Police Officers in the use of force and/or were officers in charge when Plaintiff Richard A. Hicks, Jr. was assaulted.

3. At all times mentioned herein, Defendants Tucker and John Does 1- 10, as police officers, agents, servants and/or employees of Defendant County of Camden, were acting under the direction and control of Defendants Camden County Police Department, and/or John Does 6-10, and were acting pursuant to the official policy, practice or custom of the County of Camden Police Department.

4. Acting under color of law pursuant to official policy, practice, or custom, Defendants John Does 6-10 intentionally, knowingly, recklessly and/or with deliberate indifference failed to train, instruct, supervise, control, and discipline, on a continuing basis Defendants Tucker and/or John Does 1-10 in their duties to refrain from: (1) unlawfully and maliciously assaulting, arresting and harassing citizens; (2) intentionally, recklessly and/or negligently misrepresenting the facts of arrests and/or other police-citizen encounters; (3) falsifying police and/or other official records; (4) withholding and/or mishandling evidence; (5) making false arrests, and/or (6) using unreasonable and excessive force.

5. Defendants Camden County, and/or John Does 6-10 were aware of numerous similar police citizen encounters involving Defendants Tucker and/or John Does 1-10 and/or other Camden County Police Officers whereby they customarily and frequently subjected citizens held in custody to physical and mental abuse; unlawfully and maliciously assaulted, arrested and harassed citizens; intentionally, recklessly and/or negligently misrepresented the facts of arrests and/or other police-citizen encounters; falsified police and/or other official records; made false arrests, mishandled and/or withheld evidence and/or used unreasonable and excessive force on citizen/arrestees.

6. Defendants John Does 6-10 failed to adequately track departmental excessive force complaints, administrative complaints and/or use of force incidents in violation of Camden County Police Department policies, practices,

customs and/or guidelines and/or the New Jersey Attorney General's Use of Force and/or Internal Affairs Guidelines, and/or failed to discipline officers for such violations.

7. Despite their awareness, Defendants Camden County and/or John Does 6-10 failed to employ any type of corrective or disciplinary measures against Defendants Tucker and/or John Does 1-10.

8. Defendants Camden County and/or John Does 6-10 had knowledge of, or, had they diligently exercised their duties to instruct, train, supervise, control, and discipline Defendants Tucker and/or John Does 1-10 on a continuing basis, should have had knowledge that the wrongs which were done, as heretofore alleged, were about to be committed.

9. Defendants Camden County and/or John Does 6-10 had power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and intentionally, knowingly, recklessly and/or with deliberate indifference failed to do so.

10. Defendants Camden County and/or John Does 6-10, directly or indirectly, under color of state law, approved or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of Defendants Tucker and/or John Does 1-10 heretofore described.

11. As a direct and proximate result of the acts and/or omissions of Defendants Camden and/or John Does 6-10 as set forth herein, Plaintiff suffered physical injury, medical expenses and additional special damages in an amount

which cannot yet be determined in connection with the deprivation of his constitutional rights guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States and made actionable through 42 U.S.C. Section 1983.

**WHEREFORE,** Plaintiff Richard A. Hicks, Jr. demands judgment against Defendants Camden County and/or John Does 6- 10 on this Count together with compensatory and punitive damage, attorney's fees, interest and costs of suit incurred, and for any such further relief as the court deems proper and just.

## COUNT FOUR
## SECTION 1983 INADEQUATE SCREENING

1. The previous paragraphs are incorporated herein inclusively as if fully set forth.

2. Defendants Camden County and/or John Does 6-10 are policymakers responsible for hiring and/or screening police officer applicants.

3. Defendants Camden County and/or John Does 6-10 failed to adequately check Defendant Tucker's background when hiring him.

4. The failure of Defendants Camden County and/or John Does 6-10 to adequately check Defendant Tucker's background amounted to deliberate indifference to the risk that a violation of the Fourth Amendment would follow Defendants' decision to hire Defendant Tucker.

5. The failure of Defendants Camden County and/or John Does 6-10 to adequately check Defendant Tucker's background proximately caused the violation of Plaintiff's Fourth Amendment right to be secure in his person against

unreasonable seizure.

6. Specifically, adequate scrutiny of Defendant Tucker's background would have led a reasonable policymaker and/or supervisor to conclude that it was obvious that hiring Defendant Luna would lead to a violation of citizens' Fourth Amendment rights (more specifically Plaintiff's) to be secure in their persons against unreasonable seizure.

7. As a direct and proximate result of the acts and/or omissions of Defendants Camden County and/or John Does 6-10 as set forth herein, Plaintiff suffered physical injury, medical expenses and additional special damages in an amount which cannot yet be determined in connection with the deprivation of his constitutional rights guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States and made actionable through 42 U.S.C. Section 1983.

**WHEREFORE**, Plaintiff Richard A. Hicks, Jr. demands judgment against Defendants Camden County and/or John Does 6- 10 on this Count together with compensatory and punitive damage, attorney's fees, interest and costs of suit incurred, and for any such further relief as the court deems proper and just.

## COUNT FIVE
## SECTION 1983 DEMAND FOR PROSPECTIVE INJUNCTIVE RELIEF

1. The previous paragraphs are incorporated herein inclusively as if fully set forth. Pursuant to 42 U.S.C. Section 1983, given that there exists no adequate remedy at law, Plaintiff Richard A. Hicks, Jr. is entitled to prospective injunctive relief against the Defendants.

2. The relief sought by Plaintiff includes, but is not limited to, the following:

a) An order permanently restraining and enjoining Defendants Camden County and John Does 1-10 from engaging in, encouraging, teaching, promoting or training Camden County Police Officers in falsely arresting, maliciously prosecuting, maliciously abusing process, and/or using excessive force against citizens and/or arrestees.

b) An order compelling Defendants Camden County and John Does 1-10 to take prompt, appropriate and corrective measures to prevent any practices that encourage, teach, engage in, promote or train its officers in falsely arresting, maliciously prosecuting, maliciously abusing process and/or using excessive force against citizens and/ or arrestees.

c) An order compelling Defendants Camden County and John Does 1-10 to provide regular and consistent training sessions to Camden County Police Officers.

d) An order compelling Defendants Camden County and John Does 1-10 to implement a system whereby prompt, appropriate action is taken against any Camden County Police Officer who engages in, teaches and/or condones falsely arresting, maliciously prosecuting, maliciously abusing process and/or using excessive force against citizens and/or arrestees.

e) An order permanently restraining and enjoining Defendants Tucker and John Does 1-5 from arresting citizens without adequate probable cause, physically abusing and using excessive force against citizens and/or

arrestees.

f) An order permanently restraining and enjoining Defendants Camden County and John Does 1-10 from employing Defendants Tucker and John Does 1-10 as police officers or law enforcement personnel in any capacity except for clerical duty, solely and entirely confining them to Camden County Police headquarters and limiting them entirely to desk duty; enjoining Defendants Tucker and John Does 1-10 from any patrol duty, and enjoining Defendants Tucker and John Does 1-10 from making arrests, assisting in making arrests and using any force in making arrests and/or assisting in making arrests.

g) Any other relief as the Court deems proper and just.

**WHEREFORE**, Plaintiff Richard A. Hicks Jr. demands judgment against Defendants Camden County and/or John Does 1-10 on this Count together with compensatory and punitive damages, attorney's fees, interest and costs of suit incurred, and for any such further relief as the court deems proper and just.

### SUPPLEMENTAL STATE LAW CLAIMS
### COUNT SIX
### ASSAULT AND BATTERY

1. The previous paragraphs are incorporated herein inclusively as if fully set forth.

2. Defendants Tucker and/or John Does 1-5 acting under the color of state law and/or in their individual capacities committed assault and battery on Plaintiff Richard A. Hicks, Jr. by physically injuring him without justification and/or

by putting him in reasonable apprehension of serious and imminent bodily harm.

3. The assault and battery committed by Defendants was contrary to the common law of the State of New Jersey, and Plaintiff invokes the supplemental jurisdiction of this Court to hear and determine this claim.

4. As a result of the intentional, reckless, negligent and/or objectively unreasonable assault and battery, as specifically alleged above, Plaintiff Richard A. Hicks, Jr. sustained diverse substantial and permanent physical and emotional injuries, medical expenses and pain and suffering, and will continue to incur same in the future for some time to come.

**WHEREFORE**, Plaintiff Richard A. Hicks, Jr. demands judgment against Defendant Tucker and/or John Does 1-5 on this Count together with compensatory and punitive damages, attorney's fees, interest and costs of suit incurred, and for any such further relief as the court deems proper and just.

## COUNT SEVEN
## VIOLATION OF NEW JERSEY CIVIL RIGHTS ACT (NJCRA)

1. The previous paragraphs are incorporated herein inclusively as if fully set forth.

2. The excessive force used by Defendants Tucker and/or John Does 1- 5 acting under color of state law, set forth at length above, deprived Plaintiff of his substantive due process right to be free from unlawful seizure of his person and his fundamental right to liberty secured by the Constitution of the United States and the Constitution of the State of New Jersey, in violation of N.J.S.A. 10:6-1, et seq. ("The New Jersey Civil Rights Act").

3. As a direct and proximate result of the aforesaid acts of Defendants Tucker and/or John Does 1-5, Plaintiff suffered physical injury, medical expenses and additional special damages in an amount which cannot yet be determined.

4. Plaintiff invokes the invoke the supplemental jurisdiction of this Court to hear and determine this claim.

**WHEREFORE**, Plaintiff Richard A Hicks, Jr. demands judgment against Defendants Tucker and/or John Does 1-5 on this Count together with compensatory and punitive damages, attorney's fees, interest and costs of suit incurred, and for any such further relief as the court deems proper and just.

### COUNT EIGHT
### NEGLIGENCE

1. The previous paragraphs are incorporated herein inclusively as if fully set forth.

2. Defendants Tucker and/or John Does 1-5 had a duty to the Plaintiff not to expose him to unreasonable harm.

3. Through the acts and omissions set forth at length above under color of state law and/or in their individual capacities, Defendants Tucker and/or John Does 1-5 breached that duty.

4. As a direct and proximate result of Defendants' breach of duty to Plaintiff, he was caused to suffer significant and permanent physical injury; medical expenses; pain and suffering; additional special damages in the future in an amount which cannot yet be determined, and will continue to incur same

in the future for some time to come.

**WHEREFORE**, Plaintiff Richard A. Hicks, Jr. demands judgment against Defendants Tucker and/or John Does 1-5 on this Count together with compensatory damages, attorney's fees, interest and costs of suit incurred, and for any such further relief as the court deems proper and just.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury as to all issues.

## DESIGNATION OF TRIAL COUNSEL

Please be advised that Robert E. Rue, Esquire is hereby designated trial counsel in the above captioned matter.

Dated: June 13, 2016

Robert E. Rue, Esquire