ROBERT E. RUE, ESQUIRE
NJ ID#052961993
125 E. Main Street, Suite 1
P.O. Box 1200
Tuckerton, New Jersey 08087
(609) 294-8847
Attorney for Plaintiff, Richard A. Hicks, Jr.

RECEIVED

JUL 05 2016

AT 8:30_____M
WILLIAM T. WALSH CLERK

---

| | |
|---|---|
| RICHARD A. HICKS, JR.<br><br>Plaintiff<br><br>vs.<br><br>CAMDEN COUNTY; CAMDEN COUNTY POLICE DEPARTMENT; CAMDEN COUNTY POLICE DEPARTMENT, METRODIVISION; CARL TUCKER; JOHN DOES 1-5, Camden County Police Officers; and JOHN DOES 6-10 Personnel and/or Police Officers of the County of Camden Police Department in supervisory capacities,<br><br>Defendants | UNITED STATES DISTRICT COURT<br>DISTRICT COURT OF NEW JERSEY<br><br>Trenton<br><br>Civil Action No.: 1:16-cv-03436-JBS-JS<br><br>AMENDED COMPLAINT |

---

## JURISDICTION

1. This action is brought pursuant to 42 U.S.C. Section 1983 and in accordance with the Fourth and Fourteenth Amendments of the Constitution of the United States of America. Jurisdiction is conferred under 28 U.S.C. Section 1331 and Section 1343(3). This Court has supplemental jurisdiction over Plaintiff's pendent state law claims pursuant to 28 U.S.C. Section 1367.

## PARTIES

2. Plaintiff Richard A. Hicks, Jr. residing at 6 Batherwick Drive, Berlin, NJ 08009, is and was, at all relevant times herein, a citizen of the Unites States and a resident of the State of New Jersey.

3. Defendants Carl Tucker and/or John Does 1-5 were all at times mentioned herein duly appointed and acting police officers of Camden County Police Department and at all times herein were acting in such a capacity as the agents, servants and/or employees of Camden County and were acting under the color of law.

4. Defendants John Does 6-10 were at all times mentioned herein duly appointed and acting members of the Camden County Police Department and at all times herein were acting in such capacities as the agents, servants and/or employees of Camden County and were acting under the color of law.

5. Defendants John Does 6-10 were acting in supervisory capacities over Defendants Tucker and/or John Does 1-5 and were responsible by law for the training, supervision and conduct of said Defendants.

6. Defendant County of Camden is a duly designated County of the State of New Jersey, under the laws of the State of New Jersey.

7. At all relevant times hereto the Defendant County of Camden employed the aforementioned Defendants. As such, it was responsible for the training, supervision and conduct of Defendants Tucker and John Does 1-10.

8. Suit is brought against all individually named Defendants in their

respective personal and/or official capacities.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

1. The previous paragraphs are incorporated herein inclusively as if fully set forth.

2. On June 13, 2014, Defendants Tucker and/or John Does 1-5 of the Camden County Police Department assaulted Plaintiff without justification and with excessive and unreasonable physical force during the course of a stop.

3. Specifically, Plaintiff was on a sidewalk while waiting for a bus when he was approached by Defendants Tucker and/or John Does 1-5 who, without cause, asked Plaintiff for identification.

4. When Plaintiff refused Defendants Tucker and/or John Does 1-5 proceeded to physically restrain, subdue and attack Plaintiff by grabbing Plaintiff's arms, and then smashing Plaintiff's body to the ground.

5. After being forcibly pushed to the ground Plaintiff was hit several more times in the face and head by Defendant Tucker.

6. Thereafter Plaintiff was brought to police headquarters where he was then charged with improper behavior.

7. Upon information and belief this incident was investigated by the Internal Affairs Department of Camden County Police Department and the Camden County Prosecutor.

8. Plaintiff sustained various injuries related to this incident all caused by the excessive and unreasonable physical force utilized by Defendants Tucker

and/or John Does 1-5.

## COUNT ONE
## SECTION 1983 USE OF EXCESSIVE FORCE

1. The previous paragraphs are incorporated herein inclusively as if fully set forth.

2. As a direct and proximate result of the above-referenced unlawful and malicious physical abuse of Plaintiff by Defendants Tucker and/or John Does 1-5 committed under color of state law, Plaintiff sustained bodily harm and was deprived of his right to be secure in his person against unreasonable seizure, in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States, made actionable through 42 U.S.C. Section 1983.

3. As set forth above, Plaintiff Richard A. Hicks, Jr. suffered bodily injuries, medical expenses and additional special damages in an amount which cannot yet be determined.

4. By reason of the above, Plaintiff was injured and was deprived of his constitutional rights as described above.

**WHEREFORE**, Plaintiff Richard A. Hicks, Jr. demands judgment against Defendants Tucker and/or John Does 1-5 on this Count together with compensatory and punitive damages, attorney's fees, interest and costs of suit incurred, and for any such further relief as the court deems proper and just.

## COUNT TWO
## SECTION 1983 SUPERVISORY LIABILITY

1. The previous paragraphs are incorporated herein inclusively as if fully set

forth.

2. Defendants John Does 6-10 were supervisory officials and/or officers in charge at the time Plaintiff Richard A. Hicks, Jr. was arrested and assaulted.

3. Defendants John Does 6-10 had a duty to prevent subordinate officers Tucker and/or John Does 1-5 from violating the constitutional rights of citizens and/or detainees.

4. Defendants John Does 6-10 either directed Defendants Tucker and/or John Does 1-5 to violate Plaintiff's constitutional rights and/or had knowledge of and/or acquiesced in his/their subordinate's violations.

5. Specifically, Defendants John Does 6-10 failed to adequately track departmental excessive force complaints, administrative complaints and/or use of force incidents in violation of Camden County Police Department policies, practices, customs and/or guidelines and/or the New Jersey Attorney General's Use of Force and/or Internal Affairs Guidelines, and/or failed to discipline officers for such violations.

6. As a direct and proximate result of the acts of Defendants John Does 6-10 as set forth herein, Plaintiff suffered physical injury, medical expenses, and additional special damages in an amount which cannot yet be determined in connection with the deprivation of his constitutional rights guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States made actionable through 42 U.S.C. Section 1983.

**WHEREFORE**, Plaintiff Richard A. Hicks, Jr. demands judgment against

Defendants John Does 6-10 on this Count together with compensatory and punitive damages, attorney's fees, interest and costs of suit incurred, and for any such further relief as the court deems proper and just.

## COUNT THREE
## SECTION 1983 UNLAWFUL CUSTOM, PRACTICE, POLICY /INADEQUATE TRAINING

1. The previous paragraphs are incorporated herein inclusively as if fully set forth.

2. Defendants Camden County, Camden County Police Department, Camden County Police Department, Metro Division, and/or John Does 6-10, are vested by state law with the authority to make policy on: (1) the use of force; internal affairs investigations and/or administrative reviews pursuant to Camden Police Department policies, practices and/or customs and/or the New Jersey Attorney General's Use of Force and/or Internal Affairs Guidelines; (2) effectuating arrests; (3) police citizen encounters, and/or (4) disciplining officers. Defendants John Does 6- 10 are responsible for training Police Officers in the use of force and/or were officers in charge when Plaintiff Richard A. Hicks, Jr. was assaulted.

3. At all times mentioned herein, Defendants Camden County, Camden County Police Department, Camden County Police Department, Metro Division, Carl Tucker and John Does 1- 10, as police officers, agents, servants and/or employees of Defendant County of Camden, were acting under the direction and control of Defendants Camden County, Camden County Police

Department, Camden County Police Department, Metro Division, and/or John Does 6-10, and were acting pursuant to the official policy, practice or custom of the County of Camden County Police Department and/or Camden County Police Department, Metro Division.

4. Acting under color of law pursuant to official policy, practice, or custom, Defendants Camden County, Camden County Police Department, Camden County Police Department, Metro Division, John Does 6-10 intentionally, knowingly, recklessly and/or with deliberate indifference failed to train, instruct, supervise, control, and discipline, on a continuing basis Defendants Tucker and/or John Does 1-10 in their duties to refrain from: (1) unlawfully and maliciously assaulting, arresting and harassing citizens; (2) intentionally, recklessly and/or negligently misrepresenting the facts of arrests and/or other police-citizen encounters; (3) falsifying police and/or other official records; (4) withholding and/or mishandling evidence; (5) making false arrests, and/or (6) using unreasonable and excessive force.

5. Defendants Camden County, Camden County Police Department, Camden County Police Department, Metro Division, and/or John Does 6-10 were aware of numerous similar police citizen encounters involving Defendants Tucker and/or John Does 1-10 and/or other Camden County Police Officers whereby they customarily and frequently subjected citizens held in custody to physical and mental abuse; unlawfully and maliciously assaulted, arrested and harassed citizens; intentionally, recklessly and/or negligently misrepresented the

facts of arrests and/or other police-citizen encounters; falsified police and/or other official records; made false arrests, mishandled and/or withheld evidence and/or used unreasonable and excessive force on citizen/arrestees.

6. Defendants Camden County, Camden County Police Department, Camden County Police Department, Metro Division, and/or John Does 6-10 failed to adequately track departmental excessive force complaints, administrative complaints and/or use of force incidents in violation of Camden County Police Department policies, practices, customs and/or guidelines and/or the New Jersey Attorney General's Use of Force and/or Internal Affairs Guidelines, and/or failed to discipline officers for such violations.

7. Despite their awareness, Defendants Camden County, Camden County Police Department, Camden County Police Department, Metro Division and/or John Does 6-10 failed to employ any type of corrective or disciplinary measures against Defendants Tucker and/or John Does 1-10.

8. Defendants Camden County, Camden County Police Department, Camden County Police Department, Metro Division and/or John Does 6-10 had knowledge of, or, had they diligently exercised their duties to instruct, train, supervise, control, and discipline Defendants Tucker and/or John Does 1-10 on a continuing basis, should have had knowledge that the wrongs which were done, as heretofore alleged, were about to be committed.

9. Defendants Camden County, Camden County Police Department, Camden County Police Department, Metro Division and/or John Does 6-10 had

power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and intentionally, knowingly, recklessly and/or with deliberate indifference failed to do so.

10. Defendants Camden County, Camden County Police Department, Camden County Police Department, Metro Division and/or John Does 6-10, directly or indirectly, under color of state law, approved or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of Defendants Tucker and/or John Does 1-10 heretofore described.

11. As a direct and proximate result of the acts and/or omissions of Defendants Camden County, Camden County Police Department, Camden County Police Department, Metro Division and/or John Does 6-10 as set forth herein, Plaintiff suffered physical injury, medical expenses and additional special damages in an amount which cannot yet be determined in connection with the deprivation of his constitutional rights guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States and made actionable through 42 U.S.C. Section 1983.

**WHEREFORE,** Plaintiff Richard A. Hicks, Jr. demands judgment against Defendants Camden County, Camden County Police Department, Camden County Police Department, Metro Division and/or John Does 6-10 on this Count together with compensatory and punitive damage, attorney's fees, interest and costs of suit incurred, and for any such further relief as the court deems proper and just.

## COUNT FOUR
## SECTION 1983 INADEQUATE SCREENING

1. The previous paragraphs are incorporated herein inclusively as if fully set forth.

2. Defendants Camden County, Camden County Police Department, Camden County Police Department, Metro Division and/or John Does 6-10 are policymakers responsible for hiring and/or screening police officer applicants.

3. Defendants Camden County, Camden County Police Department, Camden County Police Department, Metro Division and/or John Does 6-10 failed to adequately check Defendant Tucker's background when hiring him.

4. The failure of Defendants Camden County, Camden County Police Department, Camden County Police Department, Metro Division and/or John Does 6-10 to adequately check Defendant Tucker's background amounted to deliberate indifference to the risk that a violation of the Fourth Amendment would follow Defendants' decision to hire Defendant Tucker.

5. The failure of Defendants Camden County, Camden County Police Department, Camden County Police Department, Metro Division and/or John Does 6-10 to adequately check Defendant Tucker's background proximately caused the violation of Plaintiff's Fourth Amendment right to be secure in his person against unreasonable seizure.

6. Specifically, adequate scrutiny of Defendant Tucker's background would have led a reasonable policymaker and/or supervisor to conclude that it

was obvious that hiring Defendant Luna would lead to a violation of citizens' Fourth Amendment rights (more specifically Plaintiff's) to be secure in their persons against unreasonable seizure.

7. As a direct and proximate result of the acts and/or omissions of Defendants Camden County, Camden County Police Department, Camden County Police Department, Metro Division and/or John Does 6-10 as set forth herein, Plaintiff suffered physical injury, medical expenses and additional special damages in an amount which cannot yet be determined in connection with the deprivation of his constitutional rights guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States and made actionable through 42 U.S.C. Section 1983.

**WHEREFORE**, Plaintiff Richard A. Hicks, Jr. demands judgment against Defendants Camden County, Camden County Police Department, Camden County Police Department, Metro Division and/or John Does 6- 10 on this Count together with compensatory and punitive damage, attorney's fees, interest and costs of suit incurred, and for any such further relief as the court deems proper and just.

## COUNT FIVE
## SECTION 1983 DEMAND FOR PROSPECTIVE INJUNCTIVE RELIEF

1. The previous paragraphs are incorporated herein inclusively as if fully set forth. Pursuant to 42 U.S.C. Section 1983, given that there exists no adequate remedy at law, Plaintiff Richard A. Hicks, Jr. is entitled to prospective injunctive relief against the Defendants.

2. The relief sought by Plaintiff includes, but is not limited to, the following:

a) An order permanently restraining and enjoining Defendants Camden County, Camden County Police Department, Camden County Police Department, Metro Division and John Does 1-10 from engaging in, encouraging, teaching, promoting or training Camden County Police Officers in falsely arresting, maliciously prosecuting, maliciously abusing process, and/or using excessive force against citizens and/or arrestees.

b) An order compelling Defendants Camden County, Camden County Police Department, Camden County Police Department, Metro Division and John Does 1-10 to take prompt, appropriate and corrective measures to prevent any practices that encourage, teach, engage in, promote or train its officers in falsely arresting, maliciously prosecuting, maliciously abusing process and/or using excessive force against citizens and/ or arrestees.

c) An order compelling Defendants Camden County, Camden County Police Department, Camden County Police Department, Metro Division and John Does 1-10 to provide regular and consistent training sessions to Camden County Police Officers.

d) An order compelling Defendants Camden County, Camden County Police Department, Camden County Police Department, Metro Division and John Does 1-10 to implement a system whereby prompt, appropriate action is taken against any Camden County Police Officer who engages

in, teaches and/or condones falsely arresting, maliciously prosecuting, maliciously abusing process and/or using excessive force against citizens and/or arrestees.

e) An order permanently restraining and enjoining Defendants Tucker and John Does 1-5 from arresting citizens without adequate probable cause, or physically abusing and using excessive force against citizens and/or arrestees.

f) An order permanently restraining and enjoining Defendants Camden County, Camden County Police Department, Camden County Police Department, Metro Division and John Does 1-10 from employing Defendants Tucker and John Does 1-10 as police officers or law enforcement personnel in any capacity except for clerical duty, solely and entirely confining them to Camden County Police headquarters and limiting them entirely to desk duty; enjoining Defendants Tucker and John Does 1-10 from any patrol duty, and enjoining Defendants Tucker and John Does 1-10 from making arrests, assisting in making arrests and using any force in making arrests and/or assisting in making arrests.

g) Any other relief as the Court deems proper and just.

**WHEREFORE**, Plaintiff Richard A. Hicks Jr. demands judgment against Defendants Camden County, Camden County Police Department, Camden County Police Department, Metro Division and/or John Does 1-10 on this Count together with compensatory and punitive damages, attorney's fees, interest

and costs of suit incurred, and for any such further relief as the court deems proper and just.

## SUPPLEMENTAL STATE LAW CLAIMS
## COUNT SIX
## ASSAULT AND BATTERY

1. The previous paragraphs are incorporated herein inclusively as if fully set forth.

2. Defendants Tucker and/or John Does 1-5 acting under the color of state law and/or in their individual capacities committed assault and battery on Plaintiff Richard A. Hicks, Jr. by physically injuring him without justification and/or by putting him in reasonable apprehension of serious and imminent bodily harm.

3. The assault and battery committed by Defendants was contrary to the common law of the State of New Jersey, and Plaintiff invokes the supplemental jurisdiction of this Court to hear and determine this claim.

4. As a result of the intentional, reckless, negligent and/or objectively unreasonable assault and battery, as specifically alleged above, Plaintiff Richard A. Hicks, Jr. sustained diverse substantial and permanent physical and emotional injuries, medical expenses and pain and suffering, and will continue to incur same in the future for some time to come.

**WHEREFORE**, Plaintiff Richard A. Hicks, Jr. demands judgment against Defendant Tucker and/or John Does 1-5 on this Count together with compensatory and punitive damages, attorney's fees, interest and costs of suit incurred, and for any such further relief as the court deems proper and just.

## COUNT SEVEN
## VIOLATION OF NEW JERSEY CIVIL RIGHTS ACT (NJCRA)

1. The previous paragraphs are incorporated herein inclusively as if fully set forth.

2. The excessive force used by Defendants Tucker and/or John Does 1- 5 acting under color of state law, set forth at length above, deprived Plaintiff of his substantive due process right to be free from unlawful seizure of his person and his fundamental right to liberty secured by the Constitution of the United States and the Constitution of the State of New Jersey, in violation of N.J.S.A. 10:6-1, et seq. ("The New Jersey Civil Rights Act").

3. As a direct and proximate result of the aforesaid acts of Defendants Tucker and/or John Does 1-5, Plaintiff suffered physical injury, medical expenses and additional special damages in an amount which cannot yet be determined.

4. Plaintiff invokes the invoke the supplemental jurisdiction of this Court to hear and determine this claim.

**WHEREFORE**, Plaintiff Richard A Hicks, Jr. demands judgment against Defendants Tucker and/or John Does 1-5 on this Count together with compensatory and punitive damages, attorney's fees, interest and costs of suit incurred, and for any such further relief as the court deems proper and just.

## COUNT EIGHT
## NEGLIGENCE

1. The previous paragraphs are incorporated herein inclusively as if fully set forth.

2. Defendants Tucker and/or John Does 1-5 had a duty to the Plaintiff not to expose him to unreasonable harm.

3. Through the acts and omissions set forth at length above under color of state law and/or in their individual capacities, Defendants Tucker and/or John Does 1-5 breached that duty.

4. As a direct and proximate result of Defendants' breach of duty to Plaintiff, he was caused to suffer significant and permanent physical injury; medical expenses; pain and suffering; additional special damages in the future in an amount which cannot yet be determined, and will continue to incur same in the future for some time to come.

**WHEREFORE**, Plaintiff Richard A. Hicks, Jr. demands judgment against Defendants Tucker and/or John Does 1-5 on this Count together with compensatory damages, attorney's fees, interest and costs of suit incurred, and for any such further relief as the court deems proper and just.

### DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury as to all issues.

### DESIGNATION OF TRIAL COUNSEL

Please be advised that Robert E. Rue, Esquire is hereby designated trial counsel in the above captioned matter.

Dated: July 1, 2016

_____
Robert E. Rue, Esquire

**ROBERT E. RUE, ESQUIRE**
*A Limited Liability Company*
Post Office Box 1200
125 E. Main St., Suite 1
Tuckerton, New Jersey 08087
Email Address: robertrue@ruelawllc.com

Admitted to Practice:                                             609-294-8847
NJ, NY and PA                                                    Fax/294-6838

July 1, 2016

United States District Court
District of New Jersey
Civil Intake Office
P. O. Box 2797
Camden, NJ 08101-2707

**RECEIVED**

**JUL 0 5 2016**

AT 8:30_____M
WILLIAM T. WALSH CLERK

Re:   Hicks vs. Camden County, et als.
      Docket No.: 1:16-cv-03436-JBS-JS

Dear Sir/Madam:

Enclosed herewith please find an original and two (1) copies of Plaintiff Richard A Hicks, Jr. First Amended Complaint, a Civil Cover Sheet, and a disc with a copy of the Complaint and Civil Cover Sheet. Kindly file and return a copy duly marked "filed" in the envelope enclosed for your convenience.

Thank you for your attention in this regard.

Very truly yours,

*/s/ R. Rue/*

Robert E. Rue, Esquire

RER/
Enclosure

JS 44 (Rev. 1/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

### I. (a) PLAINTIFFS
Richard A. Hicks, Jr.

**(b)** County of Residence of First Listed Plaintiff: Camden
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, Email and Telephone Number)*
Robert E. Rue, Esquire
P.O. Box 1200, 125 E. Main Street, Suite 1, Tuckerton, NJ 08087
robertrue@ruelawllc.com  609-294-8847

### DEFENDANTS
Camden County Police Dept. Camden County Police Dept., Metrodivision, Camden County, City of Camden Police Dept., Officer Carl Tucker, John Does 1-10

County of Residence of First Listed Defendant: Camden
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

**RECEIVED**
**JUL 0 5 2016**
AT 8:30
**WILLIAM T. WALSH, CLERK**

### II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

### III. CITIZENSHIP OF PRINCIPAL PARTIES *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| | | | | | ☐ 893 Environmental Matters |
| | | | | | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

### V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. 1983
Brief description of cause:
Excessive use of force

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
**DEMAND $** 500,000.00
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes  ☐ No

### VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE
DOCKET NUMBER: 1:16-cv-03436-JBS-JS

DATE: 06/13/2016
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT #      AMOUNT      APPLYING IFP      JUDGE      MAG. JUDGE