```
          IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| RICHARD A. HICKS, JR.,<br><br>     Plaintiff,<br><br>     v.<br><br>CAMDEN COUNTY, et al.,<br><br>     Defendants. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 16-3436 (JBS/JS)<br><br>**MEMORANDUM OPINION** |

**SIMANDLE, Chief Judge:**

In this case, Plaintiff Richard A. Hicks, Jr. brings claims pursuant to § 1983 and New Jersey state law against Camden County, the Camden County Police Department, Officer Carl Tucker, and John Does 1-10, arising from an incident between Plaintiff and Officer Tucker at a bus stop. Before the Court is a motion to dismiss brought by Defendants on the grounds that Plaintiff's Amended Complaint is time-barred, and in the alternative, fails to state a claim upon which relief may be granted. For the following reasons, the Court will grant in part and deny in part Defendants' motion.

1.   Plaintiff alleges that on June 13, 2014, he was waiting on the sidewalk for a bus when he was approached by Officer Tucker.[1] (Amended Complaint [Docket Item 3] ¶ 3.) He

---

[1] For purposes of the pending motion, the Court accepts as true the version of events set forth in Plaintiff's Amended

alleges that Officer Tucker asked Plaintiff for identification, but that when Plaintiff refused to provide any, Officer Tucker "assaulted Plaintiff without justification and with excessive and unreasonable physical force during the course of the stop." (Id. ¶¶ 2-4.) Officer Tucker "restrained, subdued, and attacked" Plaintiff and brought him to Camden County police headquarters where he was charged with improper behavior. (Id. ¶¶ 4-6.) Plaintiff suffered injuries and required medical attention on account of this incident. (Id. ¶ 8.)

2.  Plaintiff filed this case in the United States District Court for the District of New Jersey on June 14, 2016 [Docket Item 1] and filed an Amended Complaint as of right on July 5, 2016 [Docket Item 3], asserting the following eight claims: excessive force, supervisory liability, unlawful custom and inadequate training, inadequate screening, and a demand for prospective injunctive relief under § 1983; assault and battery; violation of the New Jersey Civil Rights Act; and negligence. Defendants filed the instant motion to dismiss [Docket Item 4], which is now fully briefed [see Docket Items 5 & 6.] The Court will decide this motion without holding oral argument pursuant to Fed. R. Civ. P. 78.

---

Complaint, documents explicitly relied upon in the Complaint, and matters of public record.  See Schmidt v. Skolas, 770 F.3d 241, 249 (3d Cir. 2014).

2

3. Pursuant to Rule 8(a)(2), Fed. R. Civ. P., a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not required, and "the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citations omitted). While a complaint is not required to contain detailed factual allegations, the plaintiff must provide the "grounds" of his "entitle[ment] to relief", which requires more than mere labels and conclusions. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

4. A motion to dismiss under Rule 12(b)(6), Fed. R. Civ. P., may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that the plaintiff failed to set forth fair notice of what the claim is and the grounds upon which it rests. Id. A complaint will survive a motion to dismiss if it contains sufficient factual matter to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009). Although a court must accept as true all factual allegations in a complaint, that tenet is "inapplicable to legal conclusions," and "[a] pleading that offers labels and conclusions or a

3

formulaic recitation of the elements of a cause of action will not do." Id. at 678.

5.   First, Defendants seek to dismiss the Amended Complaint because Plaintiff's claims are barred by the applicable two-year statute of limitations. Ordinarily, statutes of limitations arguments are raised as affirmative defenses in the answer to a complaint. See Fed. R. Civ. P. 8(c). However, if "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations," a statute of limitations defense may be made in the context of a Rule 12(b)(6) motion. Schmidt v. Skolas, 770 F.3d 241, 249 (3d Cir. 2014) (quoting Robinson v. Johnson, 313 F.3d 128, 135 (3d Cir. 2012)). A motion to dismiss under Rule 12(b)(6) on statute of limitations grounds should be granted "where the complaint facially shows noncompliance with the limitations period and the affirmative defense clearly appears of the face of the complaint." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n. 1 (3d Cir. 1994). If the bar is not apparent on the face of the complaint, then it may not afford the basis for dismissal. Schmidt, 770 F.3d at 249.

6.   Here, the parties agree that New Jersey's two-year limitations period for personal injury claims applies to Plaintiff's claims under Section 1983 and New Jersey state law. N.J.S.A. 2A:14-2. The limitations period for a Section 1983

4

claim begins to run when the claim "accrues," or when the plaintiff "knew or should have known of the injury upon which the action is based." Montanez v. Sec. Pa. Dep't of Corr., 773 F.3d 472, 480 (3d Cir. 2014). It is undisputed that Plaintiff's claim accrued on June 13, 2014, the date of the incident with Officer Tucker; it is also undisputed that the Clerk's Office at the Mitchell H. Cohen Courthouse in Camden stamped the Civil Cover Sheet on Plaintiff's Complaint "received" on June 14, 2016 at 8:28 a.m., and that the Complaint was filed on the public docket that day. By these measures, Plaintiff's Complaint was filed one day outside the limitations period.

7. Plaintiff takes the position that his Complaint should not be barred by the statute of limitations for two reasons: first, because his attorney delivered the Complaint in person to the Camden Courthouse and left it in the Clerk's Office drop box for filing on June 13, 2016 at 5:34 p.m.; and second, because even with a one-day delay, he has substantially complied with the statute of limitations. The Court credits counsel's certification, under penalty of perjury, that he delivered the Complaint on June 13 to the drop box at the Clerk's Office and that the document attached as Exhibit "A" is a copy of the envelope in which the complaint was submitted and received at the Clerk's Office at 5:34 p.m. on June 13. While the Court will address the sufficiency of the allegations in the Amended

5

Complaint in this case, the Court reminds counsel that as of May 1, 2006, attorneys are required to submit initial civil pleadings electronically.

8.   Defendants next argue that the Amended Complaint must be dismissed because Plaintiff has not alleged plausible grounds for relief under Section 1983 and because the Court should not exert supplemental jurisdiction over Plaintiff's remaining state claims. For the reasons that follow, the Court will grant in part and dismiss in part Defendants' motion pursuant to Rule 12(b)(6).

9.   42 U.S.C. § 1983 provides a civil action for the deprivation of rights against:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws.

To state a claim under Section 1983, a plaintiff must allege that "the defendant acted under color of state law to deprive the plaintiff of a right secured by the Constitution." Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011) (citing West v. Atkins, 487 U.S. 42, 48 (1988)).

10.   Defendants do not discuss, and the Court can find no reason to dismiss, Plaintiff's excessive force claim against Officer Tucker. To allege a claim under Section 1983 for the use

of excessive force, a plaintiff must show that a "seizure" occurred, and that that seizure was unreasonable. Kopec v. Tate, 361 F.3d 722, 776 (3d Cir. 2004) (internal quotation and citation omitted). "The test of reasonableness under the Fourth Amendment is whether under the totality of the circumstances, the officers' actions are objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivations." Id. (citing Graham v. Connor, 490 U.S. 386, 397 (1989).) The factors relevant to a determination of reasonableness include "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight" and "the possibility that the persons subject to the police action are violent or dangerous, the duration of the action, whether the action takes place in the context of effecting an arrest, the possibility that the suspect may be armed, and the number of persons with whom the police officers must contend at one time." Id. at 776-777. Reasonableness under the Fourth Amendment frequently presents a question for a jury. Id.

    11.  Here, Plaintiff alleges that Officer Tucker "restrained, subdued, and attacked" Plaintiff by grabbing his arms and pinning him to the ground after Plaintiff refused to provide identification. (Compl. ¶¶ 3-5.) Plaintiff has set forth

7

facts which, if assumed true, are sufficient to show that he was unreasonably seized by Officer Tucker. For these reasons, the Court will not dismiss Count One of the Amended Complaint.[2]

12. Count Two of the Amended Complaint seeks to hold John Doe Defendants liable under Section 1983 for "supervisory liability." It is well settled that "Section 1983 liability cannot be found solely on the basis of respondeat superior." Alexander v. Gennarini, 144 Fed. Appx. 924, 925 (3d Cir. 2005). Instead, a plaintiff must allege that a supervisor had a

---

[2] Count Six of the Amended Complaint sounds in "assault and battery" under New Jersey common law against Officer Tucker. A defendant is liable for assault under New Jersey law if the plaintiff can show "(a) he acts intending to cause a harmful or offensive contact with the person of the other or a third person, or an imminent apprehension of such a contact, and (b) the other is thereby put in such imminent apprehension." Leang v. Jersey City Bd. of Educ., 969 A.2d 1097, 1117 (N.J. 2009). "The tort of battery rests upon a nonconsensual touching." Id. These same allegations set forth the elements of assault and battery claims. Accordingly, Defendants' motion to dismiss is denied to the extent they seek to dismiss Count Six.

Similarly, Count Seven asserts a claim against Officer Tucker under the New Jersey Civil Rights Act, N.J.S.A. 106:6-1, premised on the same conduct as Plaintiff's Section 1983 claim. This Court treats claims under the NJCRA analogously to Section 1983. See Trafton v. City of Woodbury, 799 F. Supp. 2d 417, 443 (D.N.J. 2011) (analyzing all of plaintiffs' NJCRA claims, including claims of improper search and seizure and false arrest, through the lens of Section 1983 because "[t]his district has repeatedly interpreted NJCRA analogously to § 1983."); Major Tours, Inc. v. Colorel, 720 F. Supp. 2d 587, 604 (D.N.J. 2010) (Simandle, J.) (applying one analysis to equal protection claim brought under both Section 1983 and the NJCRA because there was no reason to believe analysis would be different). For the reasons that Plaintiff's excessive force claim will proceed, Defendants' motion is denied to the extent it seeks to dismiss Count Seven.

personal involvement in the alleged wrongs. Rode v. Dellaciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) (citation omitted). Plaintiff alleges in the Amended Complaint that John Doe Defendants "either Directed Defendant Tucker . . . to violate Plaintiff's constitutional rights and/or had knowledge or and/or acquiesced in his/their subordinate's violations." (Compl. ¶ 4.) These legal conclusions alone are insufficient to withstand a motion to dismiss, and Plaintiff's allegation that the John Doe Defendants are liable under Section 1983 for supervisory liability because they failed to adequately track excessive force complaints does not establish personal involvement or actual knowledge of and acquiescence in Officer Tucker's conduct. Accordingly, the Court will dismiss Count Two of the Complaint for failure to state a claim.

13. Counts Three and Four of the Amended Complaint are directed at Camden County and the Camden County Police Department. It is well established that municipal liability under Section 1983 "may not be proven under the respondeat superior doctrine, but must be founded upon evidence that the government unit itself supported a violation of constitutional rights." Bielevicz v. Dubinon, 915 F.2d 845, 850 (3d Cir. 1990)

(citing Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658 (1978)). Consequently, a municipality may be liable under Section 1983 only where the constitutional injury is alleged to have been caused by a municipal "policy" or "custom." Monell, 436 U.S. at 694. Plaintiff alleges that Camden County and the Camden County Police Department engage in two unconstitutional policies, practices, or customs: inadequate training of police officers and inadequate screening of new hires.

14.  Failure to train "can serve as the basis for Section 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the municipal employees come into contact." Reitz v. Cnty. of Bucks, 125 F.3d 139, 145 (3d Cir. 1997) (citing City of Canton v. Harris, 489 U.S. 378, 388 (1989)). To state a Section 1983 failure to train claim, a plaintiff "must identify a failure to provide specific training that has a causal nexus to their injuries and must demonstrate that the absence of that specific training can reasonably be said to reflect a deliberate indifference to whether the alleged constitutional deprivations occurred." Reitz, 125 F.3d at 145.

15.  The allegations of the Amended Complaint regarding inadequate training fall short of this mark. The Amended Complaint contains only brief and vague conclusory assertions that officers have not been properly trained in, inter alia,

10

interacting with citizens and handling evidence and official records, and that the department knew that other people in custody had been physically and mentally abused, without containing the factual grounds for such assertions. (Compl. Count 3 ¶¶ 4-5.) The mere allegation that Plaintiff was falsely arrested and subjected to excessive force, and that some other people have allegedly been treated similarly, is not enough to show that Defendants had an inadequate training program, and more critically, that such failure to train amounted to deliberate indifference. The Court will dismiss Plaintiff's Count Three.

16.  Inadequate screening of potential employees will give rise to municipal liability "[o]nly where adequate scrutiny of an applicant's background would lead a reasonable policymaker to conclude that the plainly obvious consequence of the decision to hire the applicant would be the deprivation of a third party's federally protected right." Bd. of Cnty. Comm'rs of Bryan County, Okl. V. Brown, 520 U.S. 397, 411 (1997). Plaintiff identifies nothing in Officer Tucker's background that should have led Defendants to conclude that he would deprive a citizen of constitutional rights. Accordingly, the Court will dismiss Count Four of the Amended Complaint.

17.  In Count Five, Plaintiff Hicks seeks prospective injunctive relief against the Defendants under Section 1983.

11

Injunctive relief is available in appropriate circumstances under Section 1983, see City of Los Angeles v. Lyons, 461 U.S. 95, 105 (1983) (holding that injunctive relief is available under Section 1983 where a plaintiff can demonstrate a real and immediate threat of being subjected to the same allegedly unlawful conduct again), but there is no independent or separate cause of action for such an injunction. In other words, a plaintiff may list injunctive relief as among the species of relief sought under any Section 1983 claim, and the availability of such relief will depend upon satisfying the well-known standards for a preliminary or final injunction pursuant to Rule 65, Fed. R. Civ. P. In this sense, Count Five fails to state a cognizable claim. Because the Court will be granting leave to seek to file a Second Amended Complaint, as discussed below, the dismissal of Count Five will be without prejudice to listing injunctive relief among the relief sought for particular counts, provided that Plaintiff can assert a good faith basis for claiming that he personally is at risk of resumed violations of Section 1983 by these Defendants requiring an injunctive remedy against likely future violations.

  18. Finally, the Court will also dismiss Plaintiff's claim under Count Eight for negligence. Plaintiff alleges that Officer Tucker owed him a duty "not to expose him to unreasonable harm." (Compl. Count Eight ¶ 2.) Because the essence of Plaintiff's

12

claim is that Officer Tucker acted under color of state law and owed Plaintiff a duty on account of his official role, this Court will construe Plaintiff's claim as one for state-created danger.

19.   The Due Process Clause does not impose an affirmative obligation on the state to protect its citizens. Phillips v. County of Allegheny, 515 F.3d 224, 235 (3d. Cir. 2008). The state-created danger theory operates as an exception to that general rule and requires plaintiffs to meet a four part test: "(1) the harm ultimately caused was foreseeable and fairly direct; (2) the state actor acted with a degree of culpability that shocks the conscience; (3) a relationship between the state and the plaintiff existed such that the plaintiff was a foreseeable victim of the defendant's acts . . . ; and (4) the state actor affirmatively used his or her authority in a way that created a danger to the citizen or that rendered the citizen more vulnerable to danger than had the state not acted at all." Sanford v. Stiles, 456 F.3d 298, 304 (3d Cir. 2006). Because the Amended Complaint fails to set forth facts establishing any of these elements, the Court will dismiss Count Eight.

20.   The dismissal of Counts Two, Three, Four, Five and Eight of the Amended Complaint will be without prejudice. If Plaintiff Hicks is able to develop and allege plausible factual

grounds for these claims to address the deficiencies noted in this Opinion, he may move to amend the Amended Complaint in the future. Any such motion to amend the Amended Complaint must be filed within the time for amending pleadings to be set by the Magistrate Judge in the forthcoming scheduling order under Rule 16(a)(3)(A), Fed. R. Civ. P.

    21.  An accompanying Order will be entered.


**January 6, 2017**                    **s/ Jerome B. Simandle**
Date                                  JEROME B. SIMANDLE
                                          Chief U.S. District Judge