

# PARKER McCAY

Parker McCay P.A.
9000 Midlantic Drive, Suite 300
P.O. Box 5054
Mount Laurel, New Jersey 08054-5054

P: 856.596.8900
F: 856.596.9631
www.parkermccay.com

**Elizabeth M. Garcia, Esquire**
P: 856-985-4038
F: 856-494-1724
egarcia@parkermccay.com

January 26, 2017

File No. 15001-0007 (EMG)

<u>**ELECTRONICALLY FILED**</u>
Clerk - United States District Court
Mitchell H. Cohen U.S. Courthouse
1 John F. Gerry Plaza, Box 2797
Camden, NJ 08101

      **Re:**    <u>**Richard A. Hicks, Jr. v Camden County, et al.**</u>
             **Docket No. 1:16-cv-03436-JBS-JS**

Dear Sir/Madam:

      Enclosed please find Defendant, Officer Carl Tucker's Answer and Affirmative Defenses of Defendants with reference to the above-stated matter. Kindly file the Answer and return to our office a conformed copy marked "filed".

      Thank you for your time and consideration of this matter.

Respectfully submitted,

*/s/ Elizabeth M. Garcia*

ELIZABETH M. GARCIA

EMG/lms
Enclosure

cc:     Robert E. Rue, Jr., Esquire *(via Certified & Regular mail)*
       Laura J. Paffenroth, Assistant County Counsel *(via e-mail only)*
       Stephen Andrick/Amerihealth Casualty Services (#61GL0000009174) *(via e-mail only)*
       Christopher Gallagher/Summit Risk Services (#XP-1474) *(via e-mail only)*
       Karen A. Thurlow, J.D./National Casualty (#1716821) *(via e-mail only)*

COUNSEL WHEN IT MATTERS.<sup>SM</sup>

Mount Laurel, New Jersey | Lawrenceville, New Jersey | Atlantic City, New Jersey

File No. 15795-0003-EMG

**Law Offices**
**PARKER McCAY P.A.**
Elizabeth M. Garcia, Esquire
ID No. 015562000
**9000 Midlantic Drive, Suite 300**
**P.O. Box 5054**
**Mount Laurel, New Jersey 08054**
**(856) 596-8900**
Attorneys for Defendant, Officer Carl Tucker     Defendants, Camden County and Camden
County Metro Police Department (Improperly Pled as the Camden County Police
Department, Metro Division) were dismissed by Order dated January 6, 2017

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| RICHARD A. HICKS, JR.,<br><br>     Plaintiff,<br><br>     v.<br><br>CAMDEN COUNTY, CAMDEN COUNTY METRO POLICE DEPARTMENT, IMPROPERLY PLED AS THE CAMDEN COUNTY POLICE DARTMENT, METRO DIVISION, OFFICER CARL TUCKER,<br><br>     Defendants. | HONORABLE JEROME B. SIMANDLE<br>CIVIL ACTION NO.<br>1:16-cv-03436-JBS-JS<br><br><br>**ANSWER AND AFFIRMATIVE**<br>**DEFENSES OF DEFENDANTS** |

Defendant, Officer Carl Tucker (Camden County and Camden County Metro Police

Department dismissed by Order of the Court dated January 6, 2017), by way of answer to

Plaintiff's Complaints says:

**JURISDICTION**

1.     Defendant neither admits nor denies the allegations in this Paragraph as they

call for legal conclusions. Plaintiff is left to his proofs.

## PARTIES

2.     The answering Defendant neither admits nor denies the allegations in this Paragraph as he does not have sufficient information so as to allow him to respond to same and leaves the Plaintiff to his proofs.

3.     Admitted that Carl Tucker is a Police Officer.  As for the remainder of the allegations in this Paragraph, Defendant neither admits nor denies the allegations in this Paragraph as he does not have sufficient information so as to allow him to respond to same, and because it calls for legal conclusions.  Plaintiff is left to his proofs.

4.     The answering Defendant neither admits nor denies the allegations in this paragraph as he does not have sufficient information so as to allow him to respond to same and leaves the Plaintiff to his proofs.

5.     This allegation is not directed at answering Defendant.  Answering Defendant neither admits nor denies the allegations in this Paragraph and leaves the Plaintiff to his proofs.

6.     Admitted.

7.     Admitted that Carl Tucker is a Police Officer.  As for the remainder of the allegations in this Paragraph, Defendant neither admits nor denies the allegations in this Paragraph as he does not have sufficient information so as to allow him to respond to same, and because it calls for legal conclusions.  Plaintiff is left to his proofs.

8.     The answering Defendant neither admits nor denies the allegations in this Paragraph as he does not have sufficient information so as to allow him to respond to same, and because it calls for legal conclusions.  Plaintiff is left to his proofs.

LAW OFFICE
PARKER McCAY P.A.

2

## FACTUAL ALLEGATIONS

1.      The answering Defendant incorporates all responses set forth above as though fully set forth herein.

2.      The answering Defendant neither admits nor denies the allegations in this Paragraph as they call for legal conclusions.  In the alternative, Denied.

3.      Admitted that Plaintiff was on the sidewalk when approached by Defendant Tucker.  Denied as to all other allegations.

4.      Denied.

5.      Denied.

6.      Admitted.

7.      Admitted.

8.      Denied.

## COUNT ONE
## SECTION 1983 USE OF EXCESSIVE FORCE

1.      The answering Defendant incorporates all responses set forth above as though fully set forth herein.

2.      The answering Defendant neither admits nor denies the allegations in this Paragraph as they call for legal conclusions.  In the alternative, Denied.

3.      The answering Defendant neither admits nor denies the allegations in this paragraph as they call for legal conclusions.  In the alternative, Denied.

4.      The answering Defendant neither admits nor denies the allegations in this Paragraph as they call for legal conclusions.  In the alternative, Denied.

**WHEREFORE**, Defendant demands judgment dismissing Plaintiff's Complaint with Prejudice together with attorney fees and costs.

LAW OFFICE
PARKER McCAY P.A.

3

## COUNT TWO
## SECTION 1983 SUPERVISORY LIABILITY

1-6.   Count Two was DISMISSED WITHOUT PREJUDICE by Order of The

Honorable Jerome B. Simandle, Chief U.S. District Judge dated January 6, 2017.

## COUNT THREE
## SECTION 1983 UNLAWFUL CUSTOM, PRACTICE, POLICY/INADEQUATE TRAINING

1-11.   Count Three was DISMISSED WITHOUT PREJUDICE by Order of The

Honorable Jerome B. Simandle, Chief U.S. District Judge dated January 6, 2017.

## COUNT FOUR
## SECTION 1983 INADEQUATE SCREENING

1-7.   Count Four was DISMISSED WITHOUT PREJUDICE by Order of The

Honorable Jerome B. Simandle, Chief U.S. District Judge dated January 6, 2017.

## COUNT FIVE
## SECTION 1983 DEMAND FOR PROSPECTIVE INJUNCTIVE RELIEF

1-2(G).   Count Five was DISMISSED WITHOUT PREJUDICE by Order of

The Honorable Jerome B. Simandle, Chief U.S. District Judge dated January 6, 2017.

## SUPPLEMENTAL STATE LAW CLAIMS
## COUNT SIX
## ASSAULT AND BATTERY

1.   The answering Defendant incorporates all responses set forth above as though

fully set forth herein.

2.   The answering Defendant neither admits nor denies the allegations in this

Paragraph as they call for legal conclusions.  In the alternative, Denied.

3.   The answering Defendant neither admits nor denies the allegations in this

Paragraph as they call for legal conclusions.  In the alternative, Denied.

4.   The answering Defendant neither admits nor denies the allegations in this

Paragraph as they call for legal conclusions.  In the alternative, Denied.

WHEREFORE, Defendant demands judgment dismissing Plaintiff's Complaint with Prejudice together with attorney fees and costs.

## COUNT SEVEN
## VIOLATION OF NEW JERSEY CIVIL RIGHTS ACT (NJCRA)

1.    The answering Defendant incorporates all responses set forth above as though fully set forth herein.

2.    The answering Defendant neither admits nor denies the allegations in this Paragraph as they call for legal conclusions. In the alternative, Denied.

3.    The answering Defendant neither admits nor denies the allegations in this Paragraph as they call for legal conclusions. In the alternative, Denied.

4.    The answering Defendant neither admits nor denies the allegations in this Paragraph and leave the Plaintiff to his proofs.

WHEREFORE, Defendant demands judgment dismissing Plaintiff's Complaint with Prejudice together with attorney fees and costs.

## COUNT EIGHT - NEGLIGENCE

1-4.    Count Eight was DISMISSED WITHOUT PREJUDICE by Order of The Honorable Jerome B. Simandle, Chief U.S. District Judge dated January 6, 2017.

## AFFIRMATIVE DEFENSES
## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a cause of action upon which relief can be granted as a matter of law.

## SECOND AFFIRMATIVE DEFENSE

The Complaint fails, in whole or in part, to state a claim upon which damages can be awarded.

LAW OFFICE
PARKER McCAY P.A.

5

## THIRD AFFIRMATIVE DEFENSE

The Complaint fails, in whole or in part against this Defendant because the actions do not rise to the level of Plaintiff's constitutional rights have been breached or violated.

## FOURTH AFFIRMATIVE DEFENSE

The Plaintiff's Complaint is barred in whole or in part, as the answering Defendant is immune by virtue of the good faith exercise of his official duties.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff was contributory negligent so as to cause the subject incident to occur.

## SIXTH AFFIRMATIVE DEFENSE

The answering Defendant asserts that there was no violation of any of Plaintiff's §1983 rights.

## SEVENTH AFFIRMATIVE DEFENSE

The answering Defendant asserts that he did not do anything intentional, negligent, reckless, and/or outrageous to harm the Plaintiff.

## EIGHTH AFFIRMATIVE DEFENSE

The answering Defendant asserts that he did not assault Plaintiff at any time.

## NINTH AFFIRMATIVE DEFENSE

By virtue of the New Jersey Tort Claims Act, N.J.S.A. § 59:1-1, et seq., the answering Defendant is not liable to Plaintiff.

## TENTH AFFIRMATIVE DEFENSE

This action is barred as to Defendant by reason of the Plaintiff's failure to assert a claim against Defendant pursuant to the notice provisions of the New Jersey Tort Claims Act, N.J.S.A. §§ 59: 8-3 through 8-11.

LAW OFFICE
PARKER McCAY P.A.

6

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred for failure to provide timely notice of claim pursuant to N.J.S.A. 59:8-1 *et seq.*

## TWELTH AFFIRMATIVE DEFENSE

Plaintiff's causes of action, and various specific claims alleged by Plaintiff, are barred by the applicable Statute(s) of Limitations.

## THIRTEENTH AFFIRMATIVE DEFENSE

The answering Defendant asserts that he did not commit battery on Plaintiff.

## FOURTEENTH AFFIRMATIVE DEFENSE

The answering Defendant is entitled to absolute and qualified immunity provided by both Federal law and R.S. Title 59 and the procedural requirements of that Act.

## FIFTEENTH DEFENSE

The answering Defendant plead the rights, immunities and limitations afforded to him by the laws and statutes of the State of New Jersey and the United States of America.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages is barred in that none of the actions of the answering Defendant was malicious or willful and Plaintiff's claims do not fall within the parameters of the New Jersey Punitive Damages Act; and the answering Defendant is absolutely immune from any punitive damage claim under both State and Federal law.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole and/or in part, because he failed to exhaust his administrative remedies.

LAW OFFICE
PARKER McCAY P.A.

## EIGHTEENTH AFFIRMATIVE DEFENSE

At all times relevant hereto, the answering Defendant acted with a reasonable belief as to the legality, legitimacy and appropriateness of his actions and are entitled to a qualified immunity from suit.

## NINETEETH AFFIRMATIVE DEFENSE

The allegations for punitive damages contained in Plaintiff's pleading constitute a frivolous claim, in whole or in part, pursuant to N.J.S.A. § 2A:15-59.1, and the answering Defendant reserves the right to make a claim for relief under this provision, as well as under F.R.C.P. 11 and 42 U.S.C. §§ 1988 and 1951(d).

## TWENTYITH AFFIRMATIVE DEFENSE

The answering Defendant was not the proximate cause for plaintiff's injuries.

## RESERVATION OF RIGHTS

The answering Defendant reserves the right to assert any and all additional defenses to Plaintiff's Complaint as discovery may reveal.

## DESIGNATION OF TRIAL COUNSEL

Please take notice that Elizabeth M. Garcia, Esquire is hereby designated as trial counsel.

> **PARKER McCAY P.A.**
> Attorneys for Officer Carl Tucker
> (Defendants Camden County, Camden County
> Metro Police Department, Improperly Pled as
> the Camden County Police Department, Metro
> Division Dismissed)

LAW OFFICE
PARKER McCAY P.A.

> */s/ Elizabeth M. Garcia*
> Elizabeth M. Garcia, Esquire

Dated:  January 26, 2017

I certify that the within pleading was served within the time period allowed under the Rules.

*/s/ Elizabeth M. Garcia*

Elizabeth M. Garcia, Esquire

I certify that to the best of my knowledge no action is pending or is contemplated in any Court or Arbitration proceeding with respect to the attached pleading.

*/s/ Elizabeth M. Garcia*

Elizabeth M. Garcia, Esquire

I, ELIZABETH M. GARCIA, of full age, hereby certifies that:

I am employed by Parker McCay P.A., attorneys for Defendant, Officer Carl Tucker (Camden County, Camden County Metro Police Department, improperly Pled as the Camden County Police Department, Metro Division Dismissed By Court Order on January 6, 2017), and on January 26, 2017, I caused to be e-filed with this Court the within Answer and Affirmative Defenses.

*/s/ Elizabeth M. Garcia*

Elizabeth M. Garcia, Esquire

LAW OFFICE
**Parker McCay P.A.**

9

## PROOF OF MAILING

Lisa Shrader, of full age, hereby certifies that:

I am employed by Parker McCay P.A., attorneys for the Answering Defendant, Defendant, Officer Carl Tucker [Defendants, Camden County and Camden County Metro Police Department (Improperly Pled as the Camden County Police Department, Metro Division) were dismissed by Order dated January 6, 2017], in this matter, and on January 26, 2017, I electronically filed with the Court and mailed, via regular mail, a copy of the within Answer to Complaint, Affirmative Defenses, Jury Demand and Designation of Trial Counsel to:

Robert E. Rue, Jr., Esquire
125 E. Main Street, Suite 1
P.O. Box 1200
Tuckerton, NJ 08087
*Attorney for Plaintiff*

LISA SHRADER

LAW OFFICE
PARKER McCAY P.A.

10