IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RICHARD A. HICKS, JR.,<br><br>        Plaintiff,<br><br>    v.<br><br>CAMDEN COUNTY, et al.,<br><br>        Defendants. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 16-3436(JBS/JS)<br><br>**MEMORANDUM OPINION** |

**SIMANDLE, District Judge:**

This matter comes before the Court by way of the unopposed motion of Defendant Officer Carl Tucker (hereinafter, "Officer Tucker" or "Defendant Tucker") for sanctions of dismissal. [Docket Item 30.] In this action, Plaintiff Richard A. Hicks, Jr. (hereinafter, "Plaintiff") brought claims against Camden County, the Camden County Policy Department, Officer Tucker, and John Does 1-10 (collectively, "Defendants"), arising from an incident between Plaintiff and Officer Tucker at a bus stop. [Docket Item 3.] The Court previously dismissed claims against all Defendants, except Defendant Tucker. [Docket Item 8.] Defendant Tucker now seeks dismissal of Plaintiff's remaining claims against him under Fed. R. Civ. P. 37 and 41 because Plaintiff has repeatedly ignored the Court's orders and failed to appear at court-scheduled hearings.

The principal issue before the Court is whether the factors delineated in Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863 (3d Cir. 1984) weigh in favor of dismissal of the Amended Complaint. For the reasons discussed below, the Court will grant Defendant Tucker's motion and dismiss Plaintiff's case in its entirety with prejudice. The Court finds as follows:

1. On June 14, 2016, Plaintiff, represented by attorney Robert E. Rue, Esq., filed this action in the United States District Court for the District of New Jersey against Defendants Camden County, Camden County Police Department, and Officer Tucker. [Docket Item 1.] Plaintiff subsequently filed an Amended Complaint as a matter of right. [Docket Item 3.] Defendants filed a motion to dismiss the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) [Docket Item 4], which the Court granted except for Counts I, VI, and VII against Officer Tucker. [Docket Items 7 & 8.] On January 26, 2017, Defendant Tucker filed an Answer and Affirmative Defenses. [Docket Item 10.] Shortly thereafter, the Honorable Joel Schneider, U.S.M.J., entered a Standing Order and Scheduling Order, which required, among other things, that all discovery be completed by August 31, 2017. [Docket Items 12 & 13.]

2. Defendant Tucker served Plaintiff with initial Rule 26 disclosures and written discovery requests, but received no response from Plaintiff for several months. [See Docket Items 15

and 16.] At Defendant Tucker's request [Docket Item 19], Judge Schneider ordered Plaintiff to serve his Rule 26 disclosures and respond to Defendant's written discovery requests by May 30, 2017. [Docket Item 20.] Plaintiff failed to produce any documents by the May 30 deadline. [Docket Item 21.] After holding a telephone conference on June 8, 2017[1] [Docket Item 23], Judge Schneider issued an Order to Show Cause requiring Plaintiff to appear before the Court, in person or by phone, on July 18, 2017, to "show cause why he did not comply with the Court's February 26, 2017 and May 22, 2017 Orders [Doc. Nos. 13, 20], and to explain why sanctions should not be imposed, including the dismissal of his case." [Docket Item 24.] Plaintiff and his attorney failed to appear at the July 18, 2017 Show Cause Hearing.[2] [Docket Item 25.] Judge Schneider subsequently granted Defendant Tucker leave to file a motion to

---

[1] While it is not clear from the docket [see Docket Items 23 and 24], it appears that Plaintiff's counsel, Robert Rue, Esq., participated in this telephone conference. (Def. Br. at 3.)

[2] Attorney Rue's failure to appear as ordered at the July 18th hearing is unexplained; he apparently undertook no efforts to advise Judge Schneider that he would be absent from the hearing, nor did he seek leave to be excused or to withdraw as attorney of record in this case. Similarly, Mr. Rue's lack of response to this motion is unacceptable as a matter of professionalism and duties to this Court. Since Defendant Tucker does not seek sanctions against attorney Rue in this motion, this Court need not decide how far short of the mark Mr. Rue's conduct fell.

dismiss pursuant to Fed. R. Civ. P. 37 and 41 [Docket Item 28], which Defendant Tucker timely filed. [Docket Item 30.]

3. Pursuant to Rule 37(b)(2), a court may dismiss an action where a plaintiff fails to obey a discovery order. In addition, under Fed. R. Civ. P. 41(b), the Court may enter an order dismissing an action with prejudice for a plaintiff's failure to prosecute a case.

4. In determining whether dismissal is an appropriate sanction for violation of a discovery order, courts will generally consider the factors outlined in Poulis v. State Farm Fire and Casualty, 747 F.2d 863 (3d Cir. 1984). The six Poulis factors are: (1) the extent of the party's personal responsibility; (2) prejudice to the adversary; (3) a history of dilatoriness; (4) whether the conduct was willful or in bad faith; (5) availability of alternative sanctions; and, (6) the meritoriousness of the claim. Poulis, 747 F.2d at 868. "Not all of these factors need be met for a district court to find dismissal is warranted." Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988).

5. Defendant Tucker requests that the Court dismiss Plaintiff's suit in its entirety as a sanction for Plaintiff's repeated failure to comply with the Court's orders and to respond to Defendant's discovery requests. A review of the Poulis factors shows that dismissal with prejudice is proper.

6.  The first Poulis factor weighs in favor of dismissal, as Plaintiff has played a significant role in failing to respond to discovery and the Court's orders. As the record reflects, Defendant Tucker made several attempts to secure discovery between February and May 2017, before seeking judicial intervention. [See Docket Items 15, 16 & 19.] Moreover, according to Defendant Tucker, Plaintiff's counsel informed the Court during the June 8, 2017 conference call [Docket Item 23] that discovery had not yet been produced due to his client's lack of cooperation. (Def. Br. at 3.) As a result of this call, Judge Schneider issued an Order to Show Cause against Plaintiff giving him an opportunity to appear in person or by phone to explain his actions. [Docket Item 24.] Plaintiff failed to appear at the Show Cause Hearing [Docket Item 25], thereby making him personally responsible for failing to comply with the Court's orders and his discovery obligations.

7.  The second Poulis factor likewise weighs in favor of dismissal, since Defendant Tucker has been prejudiced by Plaintiff's repeated failure to comply with the Court's orders and his discovery obligations. The Third Circuit has instructed that "prejudice is not limited to 'irremediable' or 'irreparable' harm" and "includes the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy." Briscoe v. Klaus, 538 F.3d 252, 259 (3d Cir.

2008) (internal citation and quotation omitted). "Oftentimes, this type of prejudice involves disputes between the parties on discovery matters because the defendants were deprived of necessary information or had to expend costs to obtain court orders for compliance." Id.; see also Poulis, 747 F.2d at 868 (finding prejudice to defendant where plaintiff filed neither answers nor objections to interrogatories and defense counsel was forced to file a motion to compel answers). In the present case, Plaintiff's refusal to provide Rule 26 disclosures and written discovery requests has caused several months of delay and obliged Defendant Tucker to litigate this case without the necessary information to fully formulate a defense, culminating in the pending dismissal motion. Additionally, Defendant Tucker has expended significant time and resources in this matter, including appearances at hearings and telephone conferences necessitated by Plaintiff's lack of cooperation and compliance with the directives of Judge Schneider. Therefore, the Court finds that Plaintiff's conduct has prejudiced Defendant Tucker.

8.  Again, the third factor weighs in favor of Defendant Tucker, as Plaintiff has ignored at least three court orders directing him to appear and/or respond to discovery requests. Indeed, Plaintiff, in this more-than-one-year-old case, has yet to supply required disclosures and to respond to Defendant Tucker's discovery requests. Therefore, Plaintiff has a well-

documented history of dilatoriness and noncompliance with court orders that weighs in favor of dismissal. In fact, there is no indication in the record from Plaintiff that he actually wishes to pursue his case at this time.

9. The fourth factor is regarded as neutral, as the Court will not infer Plaintiff's conduct has been willful or that he has acted in bad faith, but notes that Plaintiff has made a choice not to appear and to prosecute his own case. While Plaintiff's attorney apparently represented to Judge Schneider during the June 8, 2017 telephone conference that his client has been reluctant to cooperate with discovery requests, such representation is not in the record before the Court and the undersigned has not independently confirmed that this was said. On the other hand, the record is silent of any claim that Plaintiff was unable to comply with the Court's directives.

10. The fifth factor weighs in favor of dismissal because, at this point, the undersigned finds that dismissal is the only effective sanction. As the Third Circuit has instructed, "[d]istrict court judges, confronted with litigants who flagrantly violated or ignore court orders, often have no appropriate or efficacious recourse other than dismissal of the complaint with prejudice." Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992). Here, Plaintiff has been afforded ample opportunity to respond to Defendant Tucker's discovery requests,

but has failed to provide responses despite the Court's repeated orders. Plaintiff's counsel has failed to even attempt to explain or ameliorate his client's conduct. The Court foresees little prospect that giving Plaintiff another bite at the apple would elicit a change of behavior. It is not the duty of the Court to invite litigants to comply with standard obligations and orders. Accordingly, dismissal with prejudice is the only effective sanction in this instance.

11. The final Poulis factor also weighs in favor of dismissal because Defendant Tucker appears to have meritorious defenses to Plaintiff's claims that would constitute complete defenses if proven at trial. As the Poulis Court noted, "[a] claim, or defense, will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff or would constitute a complete defense." Poulis, 747 F.2d at 869-70. Before any discovery has actually been taken, Defendant Tucker contends that Plaintiff's claims are barred by Heck v. Humphrey, 512 U.S. 477 (1994), that Plaintiff's Section 1983 claim fails because Defendant Tucker did not violate Plaintiff's constitutional rights and the force used was objectively reasonable, that Plaintiff cannot prove that Defendant Tucker committed an assault and battery, and that Officer Tucker is entitled to qualified immunity. If established at trial, any of these arguments would constitute a complete

defense. Even without the Court finding that Defendant Tucker has meritorious defenses to Plaintiff's claim, however, the Poulis factors still strongly weigh in favor of dismissal. See Hicks, 850 F.2d at 156 ("Not all of [the Poulis] factors need be met for a district court to find dismissal is warranted.").

12. Having considered the Poulis factors and finding that they weigh in favor of dismissal, the Court concludes that dismissal of the Amended Complaint is warranted. The dismissal will be with prejudice because there is no indication that Plaintiff wishes to pursue his case or could remedy his past defaults and cure the prejudice he has caused to the Defendant. An accompanying Order shall be entered.

**January 24, 2018**          **s/ Jerome B. Simandle**
Date         JEROME B. SIMANDLE
        U.S. District Judge